UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| EDDIE WILLIAMS, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 2:16-CV-009-TAV-MCLC |
| KEVIN HAMPTON, BERNARD CLEMENT, and GEORGIA CROWELL, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's civil rights complaint under 42 U.S.C. § 1983 [Doc. 2], an application to proceed *in forma pauperis* [Doc. 1], an amended motion for leave to proceed *in forma pauperis* [Doc. 5], a motion to amend the complaint [Doc. 6], and a motion for an order to show cause and for a preliminary injunction and/or temporary restraining order [Doc. 7]. For the reasons set forth below, Plaintiff's motions for leave to proceed *in forma pauperis* [Docs. 1 and 5] will be **DENIED**, Plaintiff's motion to amend the complaint [Doc. 6] will be **GRANTED**, this action will be **DISMISSED without prejudice** to Plaintiff paying the $400 filing fee pursuant to 28 U.S.C. § 1915(g), and Plaintiff's motion for an order to show cause and for a preliminary injunction and/or temporary restraining order [Doc. 7] will be **DENIED as moot**.

Section 1915(g) of the Prison Litigation Reform Act of 1996 (PLRA) provides as follows:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g).

Prior to filing the instant lawsuit, Plaintiff had filed at least three civil rights actions in this district that were dismissed on the grounds set forth in § 1915(g). *See Williams v. Newberry*, Civil Action No. 3-97-CV-375 (E.D. Tenn. May 12, 1997) (order dismissing case as frivolous and for failure to state a claim); *Williams v. Campbell*, Civil Action No. 3-95-CV-271 (E.D. Tenn. May 18, 1995) (order dismissing case as frivolous and for failure to state a claim); *Williams v. Eberhart*, Civil Action No. 3-93-CV-180 (E.D. Tenn. April 7, 1993) (order dismissing case as frivolous and for failure to state a claim); *see also Williams v. Correctional Medical Service*, Civil Action No. 3:03-CV-239 (E.D. Tenn. May 23, 2003) (order dismissing case *sua sponte* pursuant to the three-dismissal rule); *Williams v. Carlton,* Civil Action No. 3:02-CV-14 (E.D. Tenn. Jan. 30, 2002) (same).

Plaintiff's complaint and amended complaint allege that he is in imminent danger of serious physical injury, however [Doc. 2 p. 1, Doc. 6 p. 1], and the Court must therefore determine whether the imminent danger exception to § 1915(g) applies. The Sixth Circuit has held that, to warrant application of the imminent danger exception to § 1915(g), the plaintiff must allege facts "from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that plaintiff was under an existing threat at the time of filing the lawsuit. *Taylor v. First Med. Mgmt.*, 58 F. App'x 488, 492 (6th Cir. 2012) (internal quotation marks omitted). The alleged danger facing plaintiff has to be "real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). Allegations that are conclusory, ridiculous, or clearly baseless are insufficient. *Taylor*, 58 F. App'x at 492.

In his complaint, Plaintiff states that soon after he arrived at Northeast Correctional Complex ("NECX"), he explained to the medical staff that he required a walking cane and knee braces[1] because he suffers from "traumatic rupture of quadriceps tendon to both legs and knees," but that Defendant Doctor Clement, the medical doctor at the jail, had Plaintiff's knee braces confiscated [Doc. 2 p. 1–2]. Plaintiff further asserts that his legs and knees will not support his weight without these knee braces and that he has suffered injuries due to falling on various occasions since his knee braces were taken [*Id.*]. Plaintiff specifically states that he suffered an injury on December 28, 2015, which resulted in an x-ray of Plaintiff's right shoulder, but that Defendant Clement stopped all medication and treatment for this injury on December 30, 2015, because Defendants allege that Plaintiff is falling for attention [*Id.* at 2]. Plaintiff further asserts that Defendants could assign him a wheelchair, but will not [*Id.*]. As relief, Plaintiff seeks return of the knee braces and medication for his knees [*Id.*]. In his motion to amend/revise his complaint, Plaintiff states only that he requests permission to amend his complaint "to include denial of medical treatment for hepatitis C by medical personnel of Northeast Correctional Facility" [Doc. 6 p. 1].

First, Plaintiff's request for medicine for his knees and his assertion that he has been denied medical treatment for hepatitis C are conclusory and unsupported by any facts from which the Court could reasonably infer Plaintiff was under an imminent threat of physical harm at the time he filed the complaint due to the lack of knee medication and/or lack of medical care for hepatitis C. *Taylor v. First Med. Mgmt.*, 58 F. App'x 488, 492 (6th Cir. 2012) (dismissing an imminent danger claim where the plaintiff alleged that defendants were withholding medication

---

[1] Plaintiff sometimes refers to a single knee brace, but other times refers to two knee braces. Liberally construing the complaint in favor of Plaintiff, the Court assumes that it is two knee braces.

and disregarding his complaints, but did not plead facts supporting a finding that the plaintiff was in imminent danger on the date the complaint was filed); *Hix v. Tenn. Dep't of Corrs.*, 196 Fed. App'x 350, 356–57 and n. 1 (6th Cir. 2013) (citing numerous cases acknowledging that hepatitis C does not require treatment in all cases). These allegations therefore do not merit application of the imminent danger exception to § 1915(g).

Accordingly, liberally construing the complaint in favor of Plaintiff, the remaining allegations regarding imminent danger of physical harm are as follows: (1) Plaintiff's legs and knees will not support his weight without the knee braces that Defendant Doctor Clement had confiscated; (2) Plaintiff has fallen on various occasions since his knee braces were taken; and (3) Plaintiff is in danger of falling in the future because of not having a knee brace [*Id.*].

The Sixth Circuit has held that "a plaintiff who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfies the imminent-danger exception under § 1915(g)." *Vandiver v. Prison Health Servs.*, 727 F.3d 580, 587 (6th Cir. 2013). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition" is insufficient to support claim for deliberate indifference to a prisoner's serious medical needs under the Eighth Amendment, however, as "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Further, "[f]ederal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

The allegations of Plaintiff's complaint, liberally construed in favor of Plaintiff, do not allow the Court to reasonably infer that any Defendant has failed to treat the medical condition in his legs. Rather, it is apparent from the complaint that Defendant Doctor Clement has

4

knowledge of the medical condition in Plaintiff's legs and has determined that (1) Plaintiff does not need knee braces due to this condition, though Plaintiff was allowed to keep his walking cane at that time; and (2) Plaintiff's falls without the knee braces are not because of a need for knee braces, but rather for attention. While Plaintiff disagrees with this medical judgment and the resulting medical treatment, this disagreement is insufficient to establish a denial of medical treatment. Thus, the Court cannot reasonably infer from Plaintiff's complaint that Plaintiff was subject to a real and proximate danger of falling at the time he filed his complaint due to any failure to treat his leg condition. Accordingly, Plaintiff's allegations regarding the alleged denial of knee braces are insufficient to merit application of the imminent danger exception to § 1915(g).

For the reasons set forth above, in order to file this action, Plaintiff must prepay the entire $400.00 filing fee. Plaintiff's motions for leave to proceed *in forma pauperis* [Docs. 1 and 5] will therefore be **DENIED**, Plaintiff's motion to amend the complaint [Doc. 6] will be **GRANTED**, this action will be **DISMISSED without prejudice** to Plaintiff paying the $400 filing fee pursuant to 28 U.S.C. § 1915(g), and Plaintiff's motion for an order to show cause and for a preliminary injunction and/or temporary restraining order [Doc. 7] will be **DENIED as moot**.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE